KASSRA P. NASSIRI (215405)
knassiri@nassiri-jung.com
CHARLES H. JUNG (217909)
cjung@nassiri-jung.com
NASSIRI & JUNG LLP
47 Kearny Street, Suite 700
San Francisco, California 94108
Telephone:     (415) 762-3100
Facsimile:     (415) 534-3200

HOWARD YELLEN (142400)
howardyellen@yahoo.com
11200 Donner Pass Road #132
Truckee, California 96161
Telephone:     (415)578-4550

Attorneys for Plaintiff KANDANCE CLARK,
Individually and on behalf of all others similarly situated

FILED

2010 AUG 17 P 1: 59

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANDANCE CLARK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPRINT NEXTEL CORPORATION, a Kansas corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. **10 3625 MEJ**<br><br>**COMPLAINT FOR:**<br><br>1. **DECLARATORY RELIEF;**<br>2. **BREACH OF WARRANTY;**<br>3. **BREACH OF CONTRACT;**<br>4. **VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT;**<br>5. **FRAUD;**<br>6. **VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT;**<br>7. **UNFAIR BUSINESS PRACTICES;**<br>8. **UNTRUE AND MISLEADING ADVERTISING; AND**<br>9. **UNJUST ENRICHMENT.**<br><br>**JURY TRIAL DEMANDED**<br><br>**CLASS ACTION** |

-1-

**CLASS ACTION COMPLAINT**

I.     **INTRODUCTION**

1.  Plaintiff brings this class action to stop and redress Sprint Nextel Corporation's ("Sprint" or "Defendant") unlawful practice of offering and selling warranties, service plans and insurance policies to its customers, only to wrongfully deny coverage under the guise of nonexistent "water damage." Customers with warranties and service plans are denied coverage entirely, and those holding insurance policies are required to pay a deductible (currently fifty dollars or one hundred dollars, depending on the cellular device) in order to obtain a promised replacement cellular device.

The complained-of practice affects purchasers of cellular telephones, including purchasers of Sprint service and repair plans, whose cellular devices contain "rejection stickers" - small litmus paper labels placed inside the devices that Sprint uses as a proxy to "prove" water damage in cases where the device may have had little or no exposure to moisture and where there is no actual water damage to the cellular devices. Sprint's policy and usual practice, and the conduct complained of herein, is that Sprint denies coverage under the manufacturer' warranty and the Equipment Service & Repair Program ("ESRP") whenever the rejection stickers change color (usually turning pink or red), regardless of, and without any actual investigation into, whether or not that rejection sticker changed color because of water penetration into the cellular device, and regardless of whether water has damaged the cellular device and thereby caused it to malfunction or cease to operate. By using the rejection stickers as a proxy for actual water damage, and in lieu of making a proper examination of the affected device, Sprint routinely rejects claims and wrongfully increases its profits at the direct expense of California consumers. By failing to state in clear and conspicuous language the reasons for which it will deny coverage (*i.e.*, that claims will be denied for purported water damage solely on the basis of the rejection stickers), and for denying coverage for a reason not previously disclosed to the consumer, Sprint engages in deceptive acts and practices prohibited by California Civil Code §§ 1750, *et seq.*, commits unlawful business practices prohibited by California Business and Professions Code §§ 17200 and §§ 17500, *et seq.*, and violates California Civil Code § 1794.4. Sprint's unlawful practices have injured consumers throughout California and continue to this day. Because customers' resulting damages are relatively small, usually ranging between fifty and several hundred dollars, there is no reasonable possibility of consumers bringing individual lawsuits to

-2-

1   redress Sprint's bad conduct. Plaintiff therefore asks the Court to certify her claims as a class action

2   and to award relief on behalf of all California consumers, including those who purchased Sprint's

3   ESRP policy, who were denied coverage under the manufacturer's warranty and/or the ESRP

4   because the rejection sticker in their cellular devices changed color, and who therefore were denied

5   coverage and/or required to pay a deductible under their insurance policies. On behalf of herself and

6   the classes, Plaintiff seeks: (a) a judicial declaration that the Sprint ESRP does not provide clear and

7   conspicuous statements concerning the characteristics that are excluded from the ESRP, i.e., the

8   rejection sticker inside the cellular device changing color regardless of the reason for this occurring,

9   and that Sprint therefore has violated the Song-Berly Consumer Warranty Act, including

10  California Civil Code § 1794.4; (b) a judicial declaration that the Sprint ESRP is unconscionable and

11  that Sprint has been unjustly enriched by its ESRP; (c) a judicial declaration that Sprint's sale of the

12  ESRP, without disclosing that coverage will be declined if the rejection sticker inside the cellular

13  device changes color for any reason, is a deceptive and unfair trade practice; (d) actual damages in

14  the amount that Sprint collected from consumers for deductible payments under the insurance policy

15  or in charges for new cellular devices or repair of Sprint cellular telephones as a result of a

16  declination of coverage under the manufacturer's warranty and/or ESRP based on water damage; (e)

17  restitution of all payments that class members made to Sprint as a result of a declination of coverage

18  under the manufacturer's warranty and/or the ESRP based on water damage; (f) an order enjoining

19  Sprint from continuing its practice of declining coverage under the manufacturer's warranty and the

20  ESRP because the rejection sticker has changed color, with no attempt to verify actual water

21  exposure and water damage; and (g) an order enjoining Sprint from declining coverage to current

22  and future consumers for water damage under the ESRP and/or the manufacturer's warranty unless

23  and until Sprint changes its practice and no longer declines coverage solely because the rejection

24  sticker inside the cellular device changes color, without investigation as to whether there has been

25  actual water exposure and water damage.

## II.     PARTIES

27      2. Plaintiff Kandance Clark is a resident of California. In 2009, Plaintiff acquired a Sprint

28  cellular telephone and began paying Sprint for an ESRP and an insurance policy (which Sprint calls

1    an Equipment Replacement Program). Around early 2010, Plaintiff experienced difficulty using

2    her cellular phone. She took her cellular telephone to a Sprint store in San Pedro, California to be

3    fixed. At the Sprint store, the Sprint employee opened the cell telephone battery cover, saw that the

4    rejection sticker had turned red, and told Plaintiff that the red rejection sticker voids the

5    manufacturer warranty and her ESRP because the red rejection sticker indicates water damage.

6    The Sprint employee made no attempt to ascertain if Plaintiff's phone had been exposed to water,

7    or if water had caused the specific problem she was encountering. The employee did not open the

8    phone's case to look for physical evidence of exposure to water, nor did he use any machinery to

9    test the phone. He relied solely and exclusively on a cursory glance at the rejection sticker.

10   Although Plaintiff's cellular telephone had not been submerged or immersed in, or otherwise

11   directly exposed to water, which she explained to the Sprint employee, Plaintiff was refused

12   coverage under the manufacturer warranty and ESRP and was required to pay $100.00 to replace

13   the cellular telephone under her insurance policy.

14        3. Defendant Sprint Nextel Corporation, a Kansas corporation with its principal place of

15   business in Kansas, is a company which is in the business, among other things, of marketing and

16   selling cellular telephones and other cellular devices, cellular telephone and data service and cellular

17   telephone and data service plans and insurance for cellular devices (underwritten by Continental

18   Casualty Company and administered by Asurion Protection Services, LLC or, in California, Asurion

19   Protection Services Insurance Agency, LLC) in California and throughout the United States.

20   Sprint's service agreement and ESRP are dense, uniform contracts of adhesion offered on a take-it-

21   or-leave-it basis. All Sprint cellular telephone and data customers are required to accept the terms

22   and conditions of the Sprint service agreement, and all purchasers of the ESRP are required to accept

23   its terms and conditions.

## III.    JURISDICTION AND VENUE

25        4. This Court has diversity jurisdiction over the claims asserted herein on behalf of a statewide

26   class pursuant to 28 U.S.C. section 1332, as amended in February 2005 by the Class Action Fairness

27   Act. Jurisdiction is proper because

28        a. the amount in controversy in this class action exceeds five million dollars, exclusive of

-4-

1 | interest and costs, the proposed class includes more than 100 members, more than one of whom

2 | reside in a state other than California; and

3 |      b. Sprint has purposefully availed itself of the privilege of conducting business activities

4 | within the State of California, where Sprint engaged in the unlawful conduct alleged in this

5 | Complaint by, *inter alia*, selling the cellular devices equipped with rejection stickers; by executing

6 | the illegal, unfair, fraudulent, and unconscionable corporate policies and practices alleged herein;

7 | and by maintaining systematic and continuous business contacts with the State.

8 |      5. Venue is proper in this judicial district pursuant to 28 U.S.C. section 1391, and California

9 | Civil Code section 1780(d), because the some of the transactions alleged in this Complaint occurred

10 | in this judicial district.

11 | **IV.    DEFENDANT'S BUSINESS PRACTICES**

12 |      6. When consumers shop for and purchase cellular devices from Sprint, they are advised —

13 | in the written material that accompanies the product, at Sprint retail outlets, and on the Sprint

14 | website where such cellular devices are sold — that Sprint will honor the Sprint cellular device's

15 | manufacturer's one-year limited warranty for mechanical and electrical failure resulting from

16 | manufacturing defect (the "Warranty").

17 |      7. In addition, Sprint offers its customers, for a monthly fee, a standard Equipment Service

18 | and Repair Program ("ESRP"), which obligates Sprint, in the event of a failure of a Sprint cellular

19 | telephone to operate due to a defect in materials or workmanship or due to normal wear and tear, to

20 | either repair the Sprint cellular telephone or, at Sprint's option, to replace it with a device of

21 | comparable kind and quality.

22 |      8. Sprint also offers consumers the opportunity to purchase insurance for Sprint cellular

23 | telephones, for an additional monthly fee. This insurance obligates Sprint to repair or replace Sprint

24 | cellular telephones that are inoperable, after the consumer pays a deductible of $50 or, for certain

25 | advanced cellular devices, $100.

26 |      9. The ESRP applicable to Plaintiff Clark's Sprint cellular telephone excludes coverage for

27 | "loss, theft, abuse, misuse, improper installation, water damage, or customer negligence" (hereafter,

28 | the "Water Damage Exclusion.")

10. The Sprint cellular telephones sold by Sprint include, within the telephone casings, a sticker that will change color under certain circumstances, including when it becomes wet (the "Rejection Sticker").

11. On information and belief, Sprint instructs its employees that the Rejection Sticker is a reliable indication that can and should be used to determine whether a device has been damaged because of water damage, and that Sprint instructs its employees that no further investigation is required because the Rejection Sticker voids the warranty and ESRP. On information and belief, Sprint's employees are instructed to make no direct investigation into whether the phone is or was actually wet, whether the phone has actual water damage, or whether water exposure plays any role whatsoever in the phone malfunction.

12. On information and belief, Sprint corporate policy dictates that Sprint personnel must refuse warranty coverage and ESRP coverage to consumers who seek a repair or replacement of a Sprint cellular telephone if its Rejection Sticker has changed color. Plaintiff is also informed and believes that, in accordance with Sprint corporate policy, Sprint personnel represent to consumers that if the Rejection Sticker has changed color, the cellular telephone has been submersed or immersed in water, which renders the Warranty void and the ESRP inapplicable.[1]

13. Plaintiff is informed and believes that, in actuality and contrary to what Sprint represents to consumers, Sprint is aware that Rejection Stickers cannot be relied upon to establish with any reasonable degree of certainty that a Sprint cellular telephone has even been exposed to (much less damaged by) water. Plaintiff is informed and believes that independent testing has demonstrated that Rejection Stickers can be affected by, among other things, cold weather, humidity and incidental exposure to moisture that are within Sprint's technical specifications for its cellular telephones.

---

[1] Plaintiff does not challenge Sprint's right to decline warranty and ESRP coverage to a consumer if his or her cellular telephone has actually been damaged as a result of a spill or submersion in water. Nor does Plaintiff challenge Sprint's right to employ Rejection Stickers to alert Sprint personnel that a cellular telephone may have been exposed to water, as long as an inspection is conducted for the purpose of ascertaining whether the cellular telephone actually has been exposed to water and actually has been damaged as a result of that exposure. Rather, Plaintiff challenges Sprint's use of Rejection Stickers as the sole basis for denying coverage under the warranty and the ESRP's water damage exclusion.

14. Plaintiff is also informed and believes that Rejection Stickers can be triggered by other types of moisture that should not cause damage in any event—such as a palm that becomes sweaty after a work-out, and other small amounts of moisture to which the devices would be exposed during ordinary, foreseeable use.

15. Plaintiff is informed and believes that the presence of actual damage from water spills or submersion can be verified by, *inter alia*, having a technician open the cellular telephone's outer cover and inspect the internal components for actual damage caused by submersion or immersion in water (*e.g.,* inoperable circuitry as a result of corrosion) or through the use of diagnostic equipment designed to determine the cause of the device's malfunction.

16. Plaintiff is informed and believes that Sprint's corporate policy dictates that Sprint personnel are to refuse Warranty coverage and coverage under the ESRP whenever a Rejection Sticker has changed color — without attempting to verify actual damage by conducting an inspection to determine whether cellular telephones have actually been damaged by a water spill or submersion.

17. Sprint cellular telephone owners who wish to use their Sprint cellular telephone's telephonic features must enter into two-year wireless service contracts with Sprint, and must pay Sprint a substantial fee if they terminate that contract before the two-year period ends. Consequently, consumers who are denied Warranty and/or ESRP coverage for a malfunctioning or non-functional Sprint cellular telephone must either (a) bear the cost of replacing or repairing their Sprint cellular telephone to avoid having to pay monthly wireless bills for a Sprint cellular telephone that is partially or fully non-functional, or (b) forego replacing or repairing their Sprint cellular telephone and pay the early-termination fee charged by Sprint, and forfeit investments they have made in their Sprint cellular telephone (*e.g.,* accessories, applications, digital media).

## V.  PLAINTIFF'S EXPERIENCE WITH HER SPRINT CELLULAR DEVICE

18. Plaintiff Kandance Clarke's experience is typical of those she seeks to represent in this action. In 2009, Plaintiff purchased a Sprint cellular telephone, ESRP and Equipment Replacement Program from Sprint. At no time during her ownership and use of the phone did Plaintiff immerse or directly expose her phone to water.   In 2010, the Sprint cellular telephone ceased operating

-7-

1    properly.

2              19. Shortly after her cellular telephone ceased functioning, Plaintiff took her cellular

3    telephone to a local Sprint store and spoke with a Sprint customer service representative about

4    obtaining a free repair or replacement under the Warranty or the ESRP. The Sprint representative to

5    whom Plaintiff presented her cellular telephone for repair examined it and verified that it would not

6    function. The Sprint representative removed the battery cover for the cellular telephone and then

7    advised Plaintiff that she was not entitled to a cost-free repair or replacement of her cellular

8    telephone.

9              20. The Sprint representative advised Plaintiff that her Warranty and ESRP did not cover the

10   malfunctioning of her cellular telephone because the Rejection Sticker had turned red.

11   Plaintiff explained that her cellular telephone had not been immersed in or directly exposed to water,

12   but the Sprint representative insisted that Plaintiff's cellular telephone had been damaged by water

13   because the device's Rejection Sticker had turned red, and stated to Plaintiff that it would not have

14   done so unless her cellular telephone had been damaged by exposure to water.

15             21. Although confident that her Sprint cellular telephone had not been damaged due to

16   exposure to water, Plaintiff was given no choice other than to pay the $100.00 insurance deductible

17   to have her Sprint cellular telephone repaired or replaced, which she did. Since she was under

18   contract with Sprint; had she merely stopped using the phone she would have continued to receive

19   monthly bills for service.

20             22. Plaintiff's experience with Sprint is typical of the experience other owners of Sprint

21   cellular telephones have had with Sprint, whose conduct has forced consumers to bear the cost of

22   repairing or replacing devices that Sprint should have provided, and should be providing, free of

23   charge under the Warranty and the ESRP.

24             23. By virtue of the foregoing conduct, including, but not limited to, the enforcement of

25   Sprint's corporate policies and its misrepresentations and omissions of material facts about the true

26   nature, purpose, and accuracy of the Rejection Stickers, the rights to coverage under the Warranty

27   and the ESRP are rendered illusory. As a result of Sprint's improper application of the Water

28   Damage Exclusion, Sprint sells cellular telephones with the intent to exclude them from the

1  Warranty and ESRP coverage that Sprint promises consumers it will provide — simply because their

2  Rejection Sticker has been triggered, without any attempt by Sprint to verify whether the cellular

3  devices actually have been damaged as a result of submersion or immersion in water.

4      24. Accordingly, Plaintiff brings this action on behalf of herself and all others similarly

5  situated for the purpose of obtaining a judicial declaration that the manner in which Sprint applies

6  the Water Damage Exclusion to the ESRP and the Warranty is unconscionable and violates the

7  public policy of the State of California, and obtaining an order enjoining Sprint from continuing to

8  implement and enforce the policies that lead to its improper application of the Water Damage

9  Exclusion; to recover the sums Plaintiff and members of the proposed class have expended on the

10  ESRP and repair and/or replacement of Sprint cellular telephones as a result of Sprint's improper

11  application of the Water Damage Exclusion and undue reliance on the Rejection Stickers; and to

12  provide cost-free repair to members of the proposed class who were denied Warranty coverage

13  and/or ESRP coverage as a result of Sprint's improper application of the Water Damage Exclusion

14  and reliance on the Rejection Stickers and who have yet to repair or replace their cellular telephones.

15  ## VI. STATUTES OF LIMITATION

16      25. Any applicable statutes of limitation have been tolled by Sprint's knowing and active

17  concealment of the information it possessed about the true nature, purpose and characteristics of the

18  Rejection Stickers installed on Sprint cellular telephones, the true nature and scope of its

19  commitment to honor the Warranty and its ESRP, and by its false and misleading representations

20  with respect to its application of the Water Damage Exclusion. Sprint has kept Plaintiff and the

21  members of the proposed class ignorant of vital information essential to the pursuit of these claims,

22  without any fault or lack of diligence on their part. Plaintiff and members of the proposed class

23  could not reasonably have discovered this information or what Sprint knew about any of the issues

24  and facts described herein.

25      26. Sprint was, and is, under a duty to disclose the true nature, purpose, and characteristics

26  of the Rejection Stickers installed in its cellular telephones and the true nature, scope, and coverage

27  of the Warranty and its ESRP. Despite that duty, Sprint knowingly, affirmatively, and actively

28  concealed the facts alleged herein, and the concealment is ongoing. Because, *inter alia*, Sprint took

1 steps to conceal such information, Plaintiff and members of the class did not discover and could not

2 have discovered these facts through the exercise of reasonable diligence.

3      27. Based on the foregoing, Sprint is estopped from relying on any statutes of limitation in

4 defense of this action. The causes of action alleged herein did or will accrue only upon discovery of

5 the facts alleged herein and Sprint's fraudulent concealment thereof.

6                              **VII. CLASS ALLEGATIONS**

7      28. Plaintiff brings this class action pursuant to Federal Rule of Civil Procedure 23 and, to

8 the extent applicable, the provisions of and California Civil Code section 1781, on behalf of herself

9 and all other persons similarly situated.

10      29. The class that Plaintiff seeks to represent is defined as follows: All persons who reside in

11 the United States who (a) own a Sprint cellular telephone that is covered by the ESRP; and/or

12 (b) own or once owned a Sprint cellular telephone and who were denied coverage under the

13 Warranty and/or the ESRP by Sprint for its repair or replacement because a Rejection Sticker had

14 been triggered, without Sprint's determining whether the cellular telephone had actually been

15 damaged by water.

16      30. Plaintiff also seeks to represent a subclass that includes each member of the proposed

17 class described in Paragraph 29, above, who is a "consumer," as that term is defined by California

18 Civil Code section 1761(d), or purchased "goods" or "consumer goods," as those terms are defined

19 by California Civil Code sections 1761(a) and 1791(a), respectively (the "Consumer Subclass").

20      31. Excluded from the class are the following:

21      a. Sprint, its subsidiaries, affiliates, officers, directors, attorneys and employees, and their

22 immediate families;

23      b. persons who have settled with and validly released Sprint from separate, non-class legal

24 actions against Sprint based on the conduct alleged herein;

25      c. counsel, and the immediate families of counsel, who represent Plaintiff in this action;

26      d. the judge presiding over this action, and his or her immediate family; and

27      e. jurors who are impaneled to render a verdict on the claims alleged in

28 this action.

32. Plaintiff is informed and believes that the proposed class and Consumer Subclass each comprises millions of members. The class and Consumer Subclass are, therefore, so numerous and geographically dispersed that joinder of all members in one action is impracticable.

33. Sprint has acted with respect to Plaintiff and members of the proposed class in a manner generally applicable to each of them. There is a well-defined community of interest in the questions of law and fact involved, which affect all class members. The questions of law and fact common to the class predominate over the questions that may affect individual class members, including the following:

a. whether and how often the Rejection Stickers falsely indicate immersion in water and/or water damage;

b. whether the Rejection Stickers are designed to falsely indicated immersion in water and/or water damage;

c. whether and when Sprint knew the Rejection Stickers falsely indicated immersion in water and/or water damage;

d. whether Sprint was, and is, under a duty to disclose information about the true nature, purpose and functioning of the Rejection Stickers;

e. whether Sprint intentionally withheld, failed to disclose, and/or intentionally concealed information about the Rejection Stickers;

f. whether relying on the Rejection Stickers to deny coverage under the Warranty and the ESRP is unconscionable under the circumstances alleged herein;

g. whether Sprint has breached its commitment to honor the Warranty and its ESRP by denying coverage when a Rejection Sticker is triggered without verifying that Sprint cellular telephones have actually been damaged by submersion or immersion in water;

h. whether Sprint is subject to liability for common-law fraud;

i. whether Sprint is subject to liability for violating the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750-1784;

j. whether Sprint's conduct has violated the Song-Beverly Warranty Act, Cal. Civ. Code §§ 1790-1794.4;

1         k. whether Sprint has been unjustly enriched as a result of its wrongful conduct, such that it

2 would be inequitable for Sprint to retain the benefits conferred upon it by Plaintiff and the class;

3         l. whether Plaintiff's claims satisfy the criteria for class certification under California Code of

4 Civil Procedure section 382 and/or California Civil Code section 1781;

5         m. whether compensatory or consequential damages should be awarded to Plaintiff and

6 members of the proposed class;

7         n. whether punitive damages should be awarded to Plaintiff and members of the proposed

8 class;

9         o whether restitution should be awarded to Plaintiff and members of the proposed class;

10         p. whether an injunction should issue, prohibiting Sprint from enforcing its practice of

11 declining coverage under the Warranty and ESRP because the Rejection Sticker has changed color,

12 with no attempt to verify actual water exposure and water damage;

13         q. whether an injunction should issue, prohibiting Sprint from declining coverage to current

14 and future consumers for water damage under the Warranty and ESRP unless and until Sprint

15 changes its practice and no longer declines coverage under the Warranty and ESRP solely because

16 the Rejection Sticker has changed color, without investigation as to whether there has been actual

17 water exposure and water damage;

18         r. whether Sprint's conduct toward Plaintiff and the other members of the Class violated the

19 Unfair Competition Law (California Business and Professions Code §§ 17200, *et seq.*); and

20         s. whether Sprint has engaged in false advertising.

21         34. Plaintiff's claims are typical of the claims of all members of the class she proposes to

22 represent in this action.

23         35. Plaintiff will fairly and adequately represent and protect the interests of the class, and

24 does not have interests that are antagonistic to or in conflict with those she seeks to represent.

25         36. Plaintiff has retained counsel who have substantial experience in the prosecution of class

26 actions and other forms of complex litigation.

27         37. In view of the complexity of the issues and the expense that an individual plaintiff would

28 incur if he or she attempted to obtain relief from a large, transnational corporation such as Sprint, the

1  separate claims of individual class members are monetarily insufficient to support separate actions.

2  Because of the size of the individual class members' claims, few, if any, class members could afford

3  to seek legal redress for the wrongs complained of in this Complaint.

4  38. The class is readily definable, and the identities and addresses of the individual members

5  of the class are available through Sprint's billing records.

6  39. Prosecution as a class action will eliminate the possibility of repetitious litigation and

7  will provide redress for claims too small to support the expense of individual, complex litigation.

8  Absent a class action, class members will continue to suffer losses, Sprint's violations of law will be

9  allowed to proceed without a full, fair, judicially supervised remedy, and Sprint will retain sums

10  received as a result of its wrongdoing. A class action will provide a fair and efficient method for

11  adjudicating this controversy.

12  40. The prosecution of separate claims by individual class members would create a risk of

13  inconsistent or varying adjudications with respect to thousands of individual class members, which

14  would, as a practical matter, dispose of the interests of the class members not parties to those

15  separate actions or would substantially impair or impede their ability to protect their interests and

16  enforce their rights.

17  41. The proposed class satisfies the certification criteria of Federal Rule of Civil Procedure

18  23 and, to the extent applicable, California Civil Code section 1781.

19  ## VIII. CLAIMS FOR RELIEF

20

21  ### FIRST CLAIM FOR RELIEF
### (Declaratory Relief)

22  42. Plaintiff realleges and incorporates by reference the allegations set forth in each of the

23  preceding paragraphs of this Complaint.

24  43. Pursuant to Federal Rule of Civil Procedure 57, Plaintiff seeks a declaration of the

25  parties' rights and duties.

26  44. Among the unfair, fraudulent, and unlawful conduct Plaintiff has alleged in this

27  Complaint is Sprint's decision to sell Sprint cellular telephones with Rejection Stickers that provide

28  false-positive results, thereby enabling Sprint to deny coverage under the Warranty for

-13-

1  manufacturers' defects, and enabling Sprint to use the Water Damage Exclusion in its ESRPs as a
2  means of avoiding its obligations under the ESRPs and to deny consumers the right to obtain cost-
3  free repairs or replacements of their Sprint cellular telephones.

4  45. Plaintiff alleges that, under the circumstances alleged herein, the manner in which Sprint
5  has applied, and continues to apply, the Water Damages Exclusion is unconscionable under, *e.g.*,
6  California Civil Code sections 1670.5 and 1770(a)(19), and that Sprint's efforts to limit its
7  contractual obligations violates the public policy of the State of California, as articulated at, *inter*
8  *alia*, California Civil Code sections 1667 and 1668. The ESRPs at issue in this lawsuit are contracts
9  of adhesion and, as applied by Sprint, the Water Damage Exclusion provisions of those agreements
10  are unduly oppressive, particularly when considered in light of the parties' grossly unequal
11  bargaining power.

12  46. Plaintiff is informed and believes that Sprint disputes these allegations. Therefore, an
13  actual controversy has arisen and now exists between Sprint and Plaintiff and the proposed class.
14  Accordingly, Plaintiff hereby requests a judicial declaration of the rights and duties of the parties
15  with respect to each of the foregoing issues in controversy, including, but not limited to, an order
16  declaring (a) a pink or red Rejection Sticker is not, and was not, a sufficient basis alone for denying
17  Warranty coverage or for invoking the ESRP's Water Damage Exclusion without a physical
18  inspection of the Sprint cellular device which establishes that it was actually damaged by submersion
19  or immersion or other exposure to water; and (b) that the coverage period for Sprint's honoring of
20  manufacturers' warranties and for the ESRP is tolled from the date on which Sprint denied coverage
21  based on a triggered Rejection Sticker until the date on which owners of those Sprint cellular
22  telephones receive notification from this Court that Sprint's refusal to honor the Warranty and
23  invocation of the Water Damage Exclusion was not valid.

24
25
### SECOND CLAIM FOR RELIEF
#### (Breach of Warranty)

26  47. Plaintiff realleges and incorporates by reference the allegations set forth in each of the
27  preceding paragraphs of this Complaint.

28  48. Sprint has represented and warranted to all consumers that it will honor the

-14-

1    manufacturer's warranty for mechanical or electrical failures of Sprint cellular telephones as a result

2    of manufacturing defect for twelve months after purchase.

3      49. On information and belief, each manufacturer's warranty provides that the manufacturer,

4    at no cost to the consumer, will repair or replace a Sprint cellular telephone that has a mechanical

5    and electrical failure resulting from manufacturing defect.

6      50. The purchase price of each Sprint cellular telephone includes the cost of the warranty

7    provided by Sprint.

8      51. Sprint has breached its warranty by failing to repair or replace Sprint cellular telephones

9    that experienced mechanical or electrical failures resulting from manufacturing defects.

10      52. Plaintiff and proposed class members have been and continue to be damaged by Sprint's

11    breaches of its express warranties because Plaintiff and class members have paid for repairs to Sprint

12    cellular telephones or have spent money to buy replacement Sprint cellular telephones that should

13    have been covered by the warranty provided by Sprint.

14      53. Therefore, Plaintiff and the other class members are entitled to legal and equitable relief

15    against Sprint, including damages, specific performance, rescission, restitution, attorneys' fees, costs

16    of suit, and other relief, as appropriate.

17

18                        **THIRD CLAIM FOR RELIEF**
                          **(Breach of Contract)**

19      54. Plaintiff realleges and incorporates by reference the allegations set forth in each of the

20    preceding paragraphs of this Complaint.

21      55. The ESRP states, in relevant part, that it protects Sprint cellular telephones for

22    "mechanical or electrical failure due to defect or normal wear and tear," and that in the event of such

23    a failure, Sprint will either repair the Sprint cellular telephone or, at Sprint's option, replace it with a

24    device of comparable kind and quality.

25      56. Sprint impliedly agreed to carry out its obligations in good faith and fair dealing and not

26    to do anything that would have the effect of injuring the right of Plaintiff and the class members to

27    receive the benefits of the contract.

28

1    57. Plaintiff and the class members have performed their obligations under the contracts,

2  except any that are excused because of Sprint's breach.

3    58. Sprint breached and continues to breach the ESRPs by engaging in the conduct alleged

4  herein.

5    59. Plaintiff and the class members have been and continue to be damaged by Sprint's breach

6  of the ESRP because Plaintiff and the class members have paid for ESRP fees, repairs to Sprint

7  cellular telephones, and/or replacement Sprint cellular telephones that should have been covered by

8  Sprint under the ESRP.

9    60. Therefore, Plaintiff and the class members are entitled to legal and equitable relief against

10  Sprint, including damages, specific performance, rescission, restitution, attorneys' fees, costs of suit,

11  and other relief, as appropriate.

12

13  **FOURTH CLAIM FOR RELIEF**
    **(Violations of the Song-Beverly Consumer Warranty Act)**

14    61. Plaintiff realleges and incorporates by reference the allegations set forth

15  in each of the preceding paragraphs of this Complaint.

16    62. Sprint cellular telephones are "consumer goods" under Civil Code section 1791(a).

17    63. Plaintiff and class members are "buyers" under Civil Code section 1791(b).

18    64. Sprint's warranty to honor manufacturers' warranties is an "express warranty" under

19  Civil Code section 1791.2, and the ESRP is a "service contract" under Civil Code sections 1791.2

20  and 1794.4.

21    65. Sprint breached and continues to breach its express warranties by engaging in the conduct

22  alleged herein.

23    66.  The ESRP is a service contract that violates Civil Code section 1794.4.

24    67. Plaintiff and class members have been and continue to be damaged by Sprint's breach of

25  its express warranties and violation of Civil Code section 1794.4 because Plaintiff and class

26  members have paid for the ESRP and/or repairs to Sprint cellular telephones and/or have spent

27  money to buy replacement Sprint cellular telephones that should have been covered by Sprint.

28  Therefore, Plaintiff and members of the proposed class are entitled to legal and equitable relief

-16-

against Sprint, including penalties, damages, specific performance, rescission, restitution, attorneys'
fees, costs of suit, and other relief, as appropriate.

## FIFTH CLAIM FOR RELIEF
### (Fraud)

68. Plaintiff realleges and incorporates by reference the allegations set forth
in each of the preceding paragraphs of this Complaint.

69. Sprint has represented to the public in its retail outlets and on its website for an unknown
length of time, and currently represents to the public in its retail outlets and on its website, that
Sprint honors manufacturers' warranties for mechanical or electrical failures of Sprint cellular
telephones as a result of manufacturing defect for twelve months after purchase.

70. Sprint has represented to the public in its retail outlets and on its website for an unknown
length of time, and currently represents to the public in its retail outlets and on its website, that under
the ESRP, in the event of a failure of a Sprint cellular telephone due to a defect in materials or
workmanship or due to normal wear and tear, Sprint intends either to repair the Sprint cellular
telephone or, at Sprint's option, to replace it with a device of comparable kind and quality, at no
additional cost to the consumer. These representations were contained in Sprint's printed terms and
conditions, and were uniformly made to Plaintiff and all class members.

71. Sprint knew those representations were false when it made them.

72. Sprint has also concealed material facts from Plaintiff and the class, including the
following:

a. that the change in color of Rejection Stickers does not accurately indicate that Sprint
cellular telephones have been water damaged;

b. that because the Rejection Stickers are not reliable indicators of actual damage, Sprint
cellular telephones whose Rejection Stickers have been triggered must be inspected by persons with
expertise in conducting such inspections for the purpose of determining whether the problems for
which consumers seek coverage under the Warranty or ESRP constitute damage caused by a spill or
submersion in water;

c. that Sprint sells and sold Sprint cellular telephones with Rejection Stickers and uses and

-17-

1  used their false-positive readings to avoid its obligations under the Warranty and the ESRP;

2      d. that Sprint intended and intends to deny coverage under the Warranty and the ESRP based

3  on Rejection Stickers that it knew and knows to be inaccurate;

4      e. that Sprint intended and intends to represent to Plaintiff and members of the class that

5  their Sprint cellular telephones had been damaged by water spill or submersion when they have not

6  been.

7      73. Sprint had a duty to disclose these facts, regardless of the existence of privity (*see, e.g.,*

8  Cal. Civ. Code § 1711), by virtue of (a) Sprint's exclusive knowledge about the reason it equipped

9  Sprint cellular telephones with  Rejection Stickers, the reliability of those indicators, its intention to

10  rely on the false-positive results provided by those indicators to deny coverage under the Warranty

11  and ESRP, and its awareness that Plaintiff was not reasonably likely to discover these facts; (b)

12  Sprint's active concealment of those facts from Plaintiff and members of the class (by, *inter alia,*

13  making false representations about the nature, purpose, and accuracy of the Rejection Stickers and

14  the nature and scope of Sprint's obligations under the Warranty and ESRP; and (c) Sprint's statutory

15  and common-law obligations to disclose material information to the consumers of Sprint cellular

16  telephones, as alleged herein. Plaintiff would have acted differently if Sprint had disclosed this

17  information to Plaintiff and allowed her to make a fully-informed decision before she purchased her

18  original Sprint cellular telephone, before she enrolled in and continued to pay fees for the ESRP, and

19  before she paid one-hundred dollars as the deductible under her insurance plan after Sprint

20  represented that repair or replacement of her Sprint cellular telephone was not covered by the

21  Warranty or under the ESRP because the Rejection Sticker had been triggered.

22      74. Sprint's misrepresentations of material fact are uniform, some of which can be found on

23  its website and in the Exhibits to this Complaint.

24      75. The facts Sprint has concealed from consumers are similarly material and uniform.

25      76. Sprint made the misrepresentations of material facts and omitted the material facts

26  alleged herein intentionally and/or recklessly, with the intention that Plaintiff and members of the

27  class she proposes to represent rely on them. Plaintiff and the proposed class relied on Sprint's

28  misrepresentations and would have acted differently had the omitted facts been disclosed to her or

-18-

1  the class.

2      77. As a proximate result of Sprint's misrepresentations and concealment and suppression of

3  material facts, Plaintiff and the proposed class have sustained damage by, *inter alia,* (a) paying more

4  for Sprint cellular telephones than they would have paid if Sprint had not misrepresented and

5  concealed the facts alleged herein; (b) paying for an ESRP that Sprint did not intend to honor in the

6  event that a Rejection Sticker is triggered for reasons that have nothing to do with spills or

7  submersion in water; and (c) being forced to pay for the repair or replacement of Sprint cellular

8  telephone while those devices were covered by a Warranty and/or by the ESRP as a result of Sprint's

9  fraudulent refusal to honor its obligations under the Warranty and the ESRP.

10     78. Because Sprint engaged in the conduct alleged herein deliberately and with willful and

11 malicious intent, Plaintiff and the proposed class are entitled to an award of punitive damages.

12

13 **SIXTH CLAIM FOR RELIEF**
**(Unfair and Deceptive Acts and Practices in Violation of the Consumers Legal Remedies Act)**

14     79. Plaintiff realleges and incorporates by reference the allegations set forth in each of the

15 preceding paragraphs of this Complaint.

16     80. This claim for relief is brought pursuant to the CLRA. Pursuant to this Sixth Claim For

17 Relief for violations of the CLRA, Plaintiff seeks injunctive relief only.

18     81. Plaintiff is a "consumer," as that term is defined by Civil Code section 1761(d), because

19 she bought her Sprint cellular telephone for personal, family, or household purposes.

20     82. Plaintiff and members of the Consumer Subclass have engaged in a "transaction" with

21 Sprint, as that term is defined by Civil Code section 1761(e).

22     83. The conduct alleged in this Complaint constitutes unfair methods of competition and

23 unfair and deceptive acts and practices for the purposes of the CLRA, and was undertaken by Sprint

24 in transactions intended to result in, and which resulted in, the sale of goods to consumers.

25     84. By engaging in the conduct alleged hereinabove, Sprint has violated subdivisions (a)(5),

26 (a)(7), (a)(9), (a)(14), and (a)(19) of California Civil Code section 1770 by, *inter alia*,

27 misrepresenting and falsely advertising that the price of Sprint cellular telephones includes one year

28 of coverage against defects and normal wear and tear under the Warranty and are protected from

1  mechanical or electrical failure due to defect or normal wear and tear under the ESRP, without
2  disclosing Sprint's policy of deeming Warranty and ESRP coverage void if a Rejection Sticker was
3  triggered, regardless of whether the Sprint cellular telephone in question had actually been damaged
4  by exposure to water.

5      85. In actuality, and unbeknown to Plaintiff and members of the proposed class, Sprint's
6  Warranty and ESRP were (and are) illusory. By selling Sprint cellular telephones with an illusory
7  Warranty and by selling an ESRP that is illusory, Sprint has represented, and continues to represent,
8  that Sprint cellular telephones and the Warranty and ESRP that pertain to them have characteristics,
9  uses and benefits, or qualities that they do not have, and that they are of a particular standard,
10 quality, or grade, when they are not, in violation of Civil Code section 1770, subsections (a)(5) and
11 (a)(7).

12     86. By engaging in the conduct alleged herein, above, Sprint has also advertised, and
13 continues to advertise, goods with the intent not to sell them as advertised, in violation of California
14 Civil Code section 1770(a)(9). Additionally, Sprint has violated and continues to violate California
15 Civil Code section 1770, subsections (a)(14) and (a)(19), by engaging in the conduct alleged herein,
16 including, but not limited to, inserting a Water Damages Exclusion provision in its ESRP that is
17 unconscionable as applied under the circumstances alleged herein; by denying coverage under the
18 Warranty and the ESRP in an unconscionable manner; by failing to disclose that Sprint does not
19 intend to honor the Warranty and its ESRP if a Rejection Sticker is triggered; and by representing
20 that the sale of Sprint cellular telephones and the sale of ESRP policies conferred rights and
21 remedies which they did not.

22     87. Unless enjoined by this Court, Sprint will continue to violate the CLRA, thus tending to
23 render judgment in the instant action ineffectual. Plaintiff and the Class have no adequate remedy at
24 law, in that Defendants will continue to engage in such practices in violation of the CLRA, and
25 therefore engender a multiplicity of judicial proceedings. Plaintiff and the Class are entitled to and
26 hereby request an injunction enjoining Sprint from violating the CLRA by continuing to rely on the
27 Water Indicators as a basis for denying Warranty and ESRP coverage for Sprint cellular telephones
28 without confirming that Sprint cellular telephones have actually been damaged by submersion or

1 | immersion in water, and from making false representations regarding the nature, characteristics, and

2 | scope of its Warranty and ESRP, and that a triggered Rejection Sticker is sufficient to void

3 | applicable warranties and ESRP coverage.

4 | 88. In addition, Plaintiff seeks an order extending the warranty on all Sprint cellular

5 | telephones pursuant to California Civil Code section 1780, subdivisions (a)(2) and (a)(5) by tolling

6 | the coverage period applicable to that Sprint cellular telephone from the date on which Sprint denied

7 | coverage based on a triggered Rejection Sticker until the date on which owners of those Sprint

8 | cellular telephones receive notification from this Court that Sprint's invocation of the Water Damage

9 | Exclusion was not valid.

10

11 | **SEVENTH CLAIM FOR RELIEF**
**(Unfair Business Practices in Violation of Cal. B.P.C. § 17200, et seq.)**

12 | 89. Plaintiff realleges and incorporates by reference the allegations set forth in each of the

13 | preceding paragraphs of this Complaint.

14 | 90. California Business and Professions Code §§ 17200 *et seq.* defines unfair competition as

15 | any unlawful, unfair or fraudulent business practice or act and unfair, deceptive untrue or misleading

16 | advertising.

17 | 91. Sprint's above-described business practices are fraudulent and unfair, and are unlawful

18 | because they violate California Civil Code sections 1709 through 1711, the Song-Beverly Warranty

19 | Act, constitute deceptive consumer practices prohibited by the CLRA, and violate California

20 | Business and Professions Code §§ 17500 *et seq.*, as alleged above.

21 | 92. Plaintiff and the Class have suffered injury in fact and have lost money and property as a

22 | result of the aforementioned acts of Sprint.

23 | 93. Sprint's wrongful conduct impacts the public interest because it is a pattern of illegal

24 | conduct that has been repeated on numerous occasions and continues to occur, resulting in

25 | significant past, present and ongoing harm to citizens of California.

26 | 94. Plaintiff, on behalf of herself and the Class, seeks to enjoin Sprint's wrongful conduct

27 | and obtain restitution of all funds obtained by Sprint by reason of and through the use of the above-

28 | described practices within the four years preceding the filing of this Complaint.

-21-
**CLASS ACTION COMPLAINT**

1    95.  Plaintiff is entitled to an award of attorney's fees, costs and expenses as provided by

2    California Code of Civil Procedure § 1021.5.

3                                    **EIGHTH CLAIM FOR RELIEF**

4    **(Untrue and Misleading Advertising in Violation of Cal. B.P.C. § 17500, et seq.)**

5    96.  Plaintiff repeats and realleges each of the preceding paragraphs, as if set forth fully

6    herein.

7    97.  Commencing on a date unknown to Plaintiff, but prior to the dates Plaintiff and the class

8    members purchased their Sprint cellular telephones, and continuing to the present, Sprint advertised

9    and represented in marketing materials that it honors manufacturers' warranties for mechanical or

10   electrical failures of Sprint cellular telephones as a result of manufacturing defect for twelve months

11   after purchase.

12   98. Commencing on a date unknown to Plaintiff, but prior to the dates Plaintiff and the class

13   members entered into the ESRP, and continuing to the present, Sprint advertised and represented in

14   marketing materials that under the ESRP, in the event of a failure of a Sprint cellular telephone due

15   to a defect in materials or workmanship or due to normal wear and tear, Sprint intends either to

16   repair the Sprint cellular telephone or, at Sprint's option, to replace it with a device of comparable

17   kind and quality, at no additional cost to the consumer.

18   99.  Sprint's advertisements and marketing representations and omissions concerning the

19   terms of the Warranty and ESRP are false, misleading, and deceptive.

20   100.  At the time it made and disseminated the statements and made the material omissions

21   alleged herein, Sprint knew or should have known that the statements were deceptive, untrue, and/or

22   misleading, and acted in violation of Cal. Bus. & Prof. Code §§ 17500 *et seq.*

23   101.  These acts and omission by Sprint constitute false and misleading advertising and

24   marketing.  Sprint engaged in these acts and omissions with the intent to induce consumers to

25   purchase Sprint cellular telephones and the ESRP.

26   · 102.  Plaintiff, on her behalf and on behalf of the class members, seeks to enjoin Sprint's

27   conduct and obtain restitution of all funds obtained by Sprint by reason of and through the use of the

28   above-described practices within the four years preceding the filing of this Complaint.

-22-

1    103. Plaintiff is entitled to attorney's fees as provided by California Code of Civil Procedure
2  § 1021.5.

3
### NINTH CLAIM FOR RELIEF
4
### (Unjust Enrichment)

5    104. Plaintiff realleges and incorporates by reference the allegations set forth in each of the
6  preceding paragraphs of this Complaint.

7    105. By engaging in the conduct described in this Complaint, Sprint has been unjustly
8  enriched by, *inter alia*, (a) its sale of Sprint cellular telephones at inflated prices due to the ostensible
9  inclusion of a one-year Warranty, (b) the sale of ESRPs; (c) avoiding the costs associated with
10  complying with Sprint cellular telephones' Warranties and ESRPs; (d) charging consumers (or
11  requiring the payment of a deductible) to repair or replace Sprint cellular telephones while those
12  devices were covered by the Warranty and/or the ESRP; and (e) selling consumers replacement
13  Sprint cellular telephones when their Sprint cellular telephones were covered by their Warranty
14  and/or the ESRP.

15    106. As a proximate result of Sprint's conduct, Sprint obtained secret profits by which it
16  became unjustly enriched at Plaintiff's and the class members' expense. Under the circumstances
17  alleged herein, it would be unfair for Sprint to retain the profits it has unjustly obtained at the
18  expense of Plaintiff and the class members.

19    107. Accordingly, Plaintiff seeks an order establishing Sprint as a constructive trustee of the
20  profits that served to unjustly enrich Sprint, together with interest during the period in which Sprint
21  has retained such funds, and requiring Sprint to disgorge those funds to Plaintiff and members of the
22  proposed class in a manner to be determined by the Court.

23
### VIII.   PRAYER FOR RELIEF

24    WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for
25  an order certifying that this action may be maintained as a class action on behalf of the proposed
26  Class, the Consumer Subclass, and any other subclass(es) the Court may deem appropriate;
27  appointing the named Plaintiff as representative of the Class and Consumer Subclass; and appointing
28  the law firm representing Plaintiff as counsel for the Class and Consumer Subclass; and for

-23-

25

Judgment against Sprint as follows:

1.     For the economic damages suffered by Plaintiff and the Class;

2.     For rescission of all Sprint ESRP contracts, and restitution of all monies acquired by Sprint during the last four years as a result of its unlawful practices described above;

3.     For exemplary damages;

4.     For a declaration pursuant to Federal Rule of Civil Procedure 57 that (a) the Sprint ESRP does not state with clear and conspicuous statements the characteristics that trigger exclusion from the ESRP service contract, *i.e.*, a pink or red Rejection Sticker inside the cellular device regardless of the reason for this occurring, and that Sprint therefore has violated the Song-Beverly Warranty Act, including California Civil Code § 1794.4; (b) Sprint's ESRP, as it applies it under the circumstances, is unconscionable, and Sprint has been unjustly enriched by the ESRP; and (c) Sprint's sale of the ESRP, without disclosing that coverage will be declined if the Rejection Sticker is triggered for any reason, is a deceptive and unfair trade practice.

5.     For an order requiring Sprint to extend the warranty and ESRP coverage period applicable to each consumer's Sprint cellular telephone by (a) tolling the coverage period from the date on which Sprint denied coverage based on a triggered Rejection Sticker until the date on which owners of those Sprint cellular telephones receive notification from this Court that Sprint's invocation of the Water Damage Exclusion was not valid; and (b) adding the amount of coverage that remained as of the date of tolling (*e.g.,* if six months of warranty coverage remained as of the date on which Sprint denied coverage, six months of coverage would remain as of the date on which the owner received notice of the judgment entered in favor of Plaintiff and the proposed class).

6.     For an order enjoining Sprint from continuing to rely on the Rejection Stickers as the basis for denying Warranty coverage and ESRP coverage for Sprint cellular telephones without confirming they have actually been damaged by submersion or immersion in water, and from making false representations regarding the nature, characteristics, and scope of its Warranty and the ESRP and the Rejection Stickers on Sprint cellular telephones.

7.     For an award of attorney fees;

-24-

CLASS ACTION COMPLAINT

8.  For an award of costs;

9.  For an award of pre- and post-judgment interest on any amounts awarded; and

10. For any and all other relief the Court deems just and appropriate.

Dated: August 17, 2010                          Respectfully submitted,
                                                NASSIRI & JUNG LLP


                                                _____
                                                Kassra P. Nassiri
                                                Attorneys for Plaintiff


## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury in this action for all claims so triable.

Dated: August 17, 2010                          Respectfully submitted,
                                                NASSIRI & JUNG LLP


                                                _____
                                                Kassra P. Nassiri
                                                Attorneys for Plaintiff

-25-
**CLASS ACTION COMPLAINT**